654 S.E.2d 849

**The STATE, Respondent,**

v.

**Vernon TUMBLESTON, Appellant.**

**No. 4312.**

Court of Appeals of South Carolina.

Heard Nov. 6, 2007.

Decided Nov. 27, 2007.

Rehearing Denied Jan. 17, 2008.

92

Chief Attorney Joseph L. Savitz, III, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie Thames, all of Columbia; and Scarlett Anne Wilson of Charleston, for respondent.

ANDERSON, J.

Vernon Tumbleston appeals his convictions for first-degree criminal sexual conduct with a minor and committing a lewd act on a minor, arguing the trial court erred in denying his motion to quash the indictments. Specifically, Tumbleston maintains the indictments did not allege the specific time of each offense intended to be charged, and thus, failed to provide him with adequate notice to prepare a defense. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The present case revolves around the accusations of Tumbleston's granddaughter, B.J., who was ten years old at the time of Tumbleston's trial. In late 2004, B.J. told her mother Tumbleston had repeatedly molested her over the course of several years. The violation began when she was in kindergarten and continued throughout the second grade. B.J. alleged Tumbleston "licked [her] private," "stuck his private in [her] private," "stuck his private in [her] mouth," and "put [her] hand on his private." B.J. claimed these acts occurred more than once over the three-year period. B.J. did not tell her mother about the abuse until approximately three years after it began, when she refused to go shopping with Tumbleston. After hearing B.J.'s account of the sexual abuse, B.J.'s mother took her to a local pediatrician and the Lowcountry Children's Center for examination. Subsequently, a representative from "People Against Rape" notified the North Charleston Police Department of B.J.'s accusations. During the police investigation, Tumbleston agreed to give an oral statement regarding his alleged molestation of B.J. According to Tumbleston, "there [was] a possibility that he might have touched [B.J.] between her legs while he was asleep." Additionally, "it [was] possible [Tumbleston's] penis came out of his pants and touched [B.J.]."

Tumbleston was indicted on four counts of first-degree criminal sexual conduct with a minor and one count of committing a lewd act on a minor. The indictments alleged the charged offenses occurred between 2001 and 2004. Tumbleston moved to quash the indictments on the ground of insufficiency, asserting the indictments failed to indicate the specific time of each offense, thus depriving him of adequate notice. Despite Tumbleston's contention, the trial court found the indictments sufficient as long as the State "tie[d] in the dates of the time frame with some type of rational testimony from other people."

The jury found Tumbleston guilty on two counts of first-degree criminal sexual conduct with a minor and one count of committing a lewd act on a minor. The court directed a verdict of not guilty on one count of criminal sexual conduct, and the jury acquitted Tumbleston on another count of crimi-

nal sexual conduct. The trial court sentenced Tumbleston to concurrent terms of imprisonment totaling twenty-two years followed by five years probation.

## STANDARD OF REVIEW

The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion without evidentiary support. *Id.; see also State v. Douglas*, 367 S.C. 498, 506, 626 S.E.2d 59, 63 (Ct.App.2006) *cert. granted* June 7, 2007; *State v. Preslar*, 364 S.C. 466, 472, 613 S.E.2d 381, 384 (Ct.App.2005). Accordingly, an appellate court is bound by the trial court's factual findings when the findings are supported by the evidence and not controlled by error of law. *Baccus*, 367 S.C. at 48, 625 S.E.2d at 220; *Douglas*, 367 S.C. at 506, 626 S.E.2d at 63.

## LAW/ANALYSIS

### I. Insufficient Indictment

Tumbleston avers the trial court erred in denying his motion to quash the indictments on the ground of insufficiency. Tumbleston contends the indictments did not allege the specific time of each offense intended to be charged, and therefore, failed to provide him with adequate notice to prepare a defense. We disagree.

### A. The Indictment: A "Notice Document"

In *State v. Gentry*, 363 S.C. 93, 101–02, 610 S.E.2d 494, 499 (2005), our supreme court "abandoned the view that, in criminal matters, the circuit court acquires subject matter jurisdiction to hear a particular case by way of a valid [grand jury] indictment." *State v. Means*, 367 S.C. 374, 381, 626 S.E.2d 348, 352 (2006). Prior to *Gentry*, the circuit court did not have subject matter jurisdiction in a criminal case unless: (1) there was an indictment sufficiently stating an offense; (2) the defendant waived presentment of the indictment to the grand

jury; or (3) the charge was a lesser-included offense of the crime charged in the indictment. *Means,* 367 S.C. at 381, 626 S.E.2d at 352; *Evans v. State,* 363 S.C. 495, 507–09, 611 S.E.2d 510, 516–18 (2005); *Carter v. State,* 329 S.C. 355, 362–63, 495 S.E.2d 773, 777 (1998); *Browning v. State,* 320 S.C. 366, 368, 465 S.E.2d 358, 359 (1995); *State v. Beachum,* 288 S.C. 325, 326, 342 S.E.2d 597, 598 (1986); *Summerall v. State,* 278 S.C. 255, 256, 294 S.E.2d 344, 344 (1982); *State v. Tabory,* 262 S.C. 136, 139–40, 202 S.E.2d 852, 853 (1974). Consequently, a defective or insufficient indictment often resulted in the lack of subject matter jurisdiction, "which is a matter that may be raised at any time, including on direct appeal, in a [post-conviction relief] action or *sua sponte* by the trial or appellate courts." *Means,* 367 S.C. at 381, 626 S.E.2d at 352; *see also State v. Munn,* 292 S.C. 497, 499, 357 S.E.2d 461, 463 (1987) (concluding trial court lacks subject matter jurisdiction to convict defendant for an offense if there is no indictment charging him with the offense when the jury is sworn).

As our supreme court recognized in *Gentry,* the subject matter jurisdiction of the circuit court and the sufficiency of an indictment are two distinct concepts. *Gentry,* 363 S.C. at 102 n. 6, 610 S.E.2d at 499 n. 6 ("[P]resentment of an indictment or a waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court."). "Subject matter jurisdiction is the power of a court to hear and determine cases of. the general class to which the proceedings in question belong." *Gentry,* 363 S.C. at 100, 610 S.E.2d at 498; *Pierce v. State,* 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000); *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994); *see also* S.C. Const. art. V, § 11 (providing circuit court "shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law").

■ "However, an indictment is needed to give *notice* to the defendant of the charges against him." *Gentry,* 363 S.C. at 102 n. 6, 610 S.E.2d at 499 n. 6. (Emphasis added). Definitively, an indictment is a "notice document." *See* S.C. Const. art. I, § 11 ("No person may be held to answer for any crime the jurisdiction over which is not within the magistrate's

court, unless on a presentment or indictment of a grand jury
of the county where the crime has been committed....");
S.C.Code Ann. § 17–19–10 (2003) ("No person shall be held to
answer in any court for an alleged crime or offense, unless
upon indictment by a grand jury...."). Indeed,

> [t]he indictment is the charge of the state against the
> defendant, the pleading by which he is informed of the fact,
> and the nature and scope of the accusation. When that
> indictment is presented, that accusation made, that pleading
> filed, the accused has two courses of procedure open to him.
> He may question the propriety of the accusation, the man-
> ner in which it has been presented, the source from which it
> proceeds, and have these matters promptly and properly
> determined; or, waiving them, he may put in issue the truth
> of the accusation, and demand the judgment of his peers on
> the merits of the charge. If he omits the former, and
> chooses the latter, he ought not, when defeated on the
> latter,-when found guilty of the crime charged,-to be permit-
> ted to go back to the former, and inquire as to the manner
> and means by which the charge was presented.

*Gentry*, 363 S.C. at 102, 610 S.E.2d at 499–500 (quoting *State
v. Faile*, 43 S.C. 52, 59–60, 20 S.E. 798, 801 (1895), *overruled
on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d
315 (1991)).

Pursuant to *Gentry*, an indictment reputed to be insufficient
no longer raises a question of subject matter jurisdiction;
rather, it raises a question of whether a defendant properly
received notice he would be tried for a particular crime. *See
Evans*, 363 S.C. at 507–09, 611 S.E.2d at 516–17; *see also
State v. Smalls*, 364 S.C. 343, 346–48, 613 S.E.2d 754, 756–57
(2005) (holding circuit court had subject matter jurisdiction to
accept a guilty plea where defendant was not indicted for the
charge to which he pled guilty, but signed a sentencing sheet
which established defendant was notified of the charge to
which he pled guilty).

### B. Sufficiency of the Indictment

■■ A challenge to the sufficiency of an indictment must
be made before the jury is sworn. S.C.Code Ann. § 17–19–90
(2003). If the objection is timely made, the circuit court

should evaluate the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense intended to be charged. *Gentry*, 363 S.C. at 102–03, 610 S.E.2d at 500 (citing *State v. Wilkes*, 353 S.C. 462, 465, 578 S.E.2d 717, 719 (2003)). A ruling on a timely objection, before the jury is sworn, that an indictment is not sufficient will result in the quashing of the indictment unless the defendant waives presentment to the grand jury and pleads guilty. *Cutner v. State*, 354 S.C. 151, 155, 580 S.E.2d 120, 122–23 (2003), *overruled on other grounds by Gentry*, 363 S.C. 93, 610 S.E.2d 494; *Hopkins v. State*, 317 S.C. 7, 10, 451 S.E.2d 389, 390 (1994), *overruled on other grounds by Gentry*, 363 S.C. 93, 610 S.E.2d 494.

In determining whether an indictment meets the sufficiency standard, the trial court must look at the indictment with a practical eye in view of all the surrounding circumstances. *See State v. Means*, 367 S.C. 374, 383, 626 S.E.2d 348, 353–54 (2006); *Gentry*, 363 S.C. at 103, 610 S.E.2d at 500; *State v. Gunn*, 313 S.C. 124, 130, 437 S.E.2d 75, 78 (1993); *State v. Wade*, 306 S.C. 79, 83, 409 S.E.2d 780, 782 (1991); *State v. Guthrie*, 352 S.C. 103, 108, 572 S.E.2d 309, 312 (Ct.App.2002) (citing *State v. Adams*, 277 S.C. 115, 126, 283 S.E.2d 582, 588 (1981); *State v. Reddick*, 348 S.C. 631, 637, 560 S.E.2d 441, 444 (Ct.App.2002)); *see also Evans*, 363 S.C. at 507–09, 611 S.E.2d at 516–17 (noting all the surrounding circumstances must be weighed to make an accurate determination of whether the defendant was prejudiced by a lack of notice and an insufficient indictment). Accordingly, the sufficiency of an indictment is examined objectively, from the viewpoint of a reasonable person, and not from the subjective viewpoint of a particular defendant. *Means*, 367 S.C. at 383, 626 S.E.2d at 353–54. Further, whether the indictment could be more definite or certain is irrelevant. *Gentry*, 363 S.C. at 102–03, 610 S.E.2d at 500. As repeatedly noted by our appellate courts:

An indictment is sufficient if the offense is stated with [enough] certainty and particularity to enable the court to

know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon. The true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.

*See Means*, 367 S.C. at 383, 626 S.E.2d at 353–54; *Gentry*, 363 S.C. at 102–03, 610 S.E.2d at 500; *State v. Ham*, 259 S.C. 118, 191 S.E.2d 13 (1972); *State v. Walker*, 366 S.C. 643, 661, 623 S.E.2d 122, 131 (Ct.App.2005); *State v. Adams*, 354 S.C. 361, 374, 580 S.E.2d 785, 792 (Ct.App.2003); *Guthrie*, 352 S.C. at 108, 572 S.E.2d at 312.

 In South Carolina, an indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided.

S.C.Code Ann. § 17–19–20 (2003); *see also State v. Pierce*, 263 S.C. 23, 27, 207 S.E.2d 414, 416 (1974); *State v. Quarles*, 261 S.C. 413, 417, 200 S.E.2d 384, 386 (1973); *State v. Rutledge*, 232 S.C. 223, 225, 101 S.E.2d 289, 292 (1957). Therefore, an indictment passes legal muster when it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood. *Reddick*, 348 S.C. at 635, 560 S.E.2d at 443; *State v. Ervin*, 333 S.C. 351, 355, 510 S.E.2d 220, 222 (Ct.App.1998) *overruled on other grounds by Gentry*, 363 S.C. 93, 610 S.E.2d 494.

### 1. Specific Time of Offenses Charged

 While our supreme court has not created a new rule or standard for addressing this issue, this court has adopted a two-prong test for determining the sufficiency of an indictment involving a purportedly overbroad time period: (1) whether time is a material element of the offense; and (2)

whether the time period covered by the indictment occurred prior to the return of the indictment by the grand jury. *State v. Nicholson*, 366 S.C. 568, 574, 623 S.E.2d 100, 103 (Ct.App. 2005) (holding an indictment alleging commission of second-degree criminal conduct during periods of June 1 through July 20, 1995; July 1 through July 31, 1995; and August 1 through August 18, 1995, was sufficient as to time); *State v. Wingo*, 304 S.C. 173, 175, 403 S.E.2d 322, 323 (Ct.App.1991) (finding an indictment charging first-degree criminal sexual conduct with a minor covering a two-year period was sufficient as to time); *see also State v. Thompson*, 305 S.C. 496, 500–01, 409 S.E.2d 420, 423 (Ct.App.1991) ("The specific date and time is not an element of the offense of first-degree criminal sexual conduct.").

Contrary to Tumbleston's contention, the indictments need not specify the precise time of each offense charged because (1) time is not a material element of each offense; and (2) the three-year time period covered by the indictments occurred prior to the return of the indictments by the grand jury. *Nicholson*, 366 S.C. at 574, 623 S.E.2d at 103; *see also State v. Ray*, 24 S.C.L. (Rice) 1, 4–5 (1838) ("If the time laid in the indictment is antecedent to the finding, in general it is not material that the [offense] should be proven to have been committed either before or after the time laid—provided it was a reasonable time before the finding of the grand jury."); 65 Am.Jur.2d *Rape* § 34, at 582 (2001) ("Because time is not an essential ingredient of either forcible or statutory rape, the exact date of the commission of the offense need not be alleged unless a statute provides otherwise."); 75 C.J.S. *Rape* § 45, at 515–16 (1952) (stating it is proper and sufficient to prove the commission of a sexual assault on any day before the indictment and within the period of limitations and, in cases involving a victim under the age of consent, on a day when the victim was still under the statutory age).

In the case *sub judice*, Tumbleston was charged with four counts of first-degree criminal sexual conduct with a minor and one count of committing a lewd act on a minor. Section 16–3–655 of the South Carolina Code of Laws sets forth the statutory provision for first-degree criminal sexual conduct with a minor as follows:

(A) A person is guilty of criminal sexual conduct with a minor in the first degree if:

(1) the actor engages in sexual battery with a victim who is less than eleven years of age; or

(2) the actor engages in sexual battery with a victim who is less than sixteen years of age and the actor has previously been convicted of, pled guilty or nolo contendere to, or adjudicated delinquent for an offense listed in Section 23–3–430(C) or has been ordered to be included in the sex offender registry pursuant to Section 23–3–430(D).

S.C.Code Ann. § 16–3–655 (Supp.2006).

"Sexual battery" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes.

S.C.Code Ann. § 16–3–651(h) (2003).

The crime of committing or attempting to commit a lewd act on a child under sixteen is set forth in section 16–15–140 as follows:

It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.

S.C.Code Ann. § 16–15–140 (2003).

The indictments against Tumbleston claimed:

*Indictment 2005–GS–10–807:* That [appellant] did in Charleston County on or between 2001 and June 2004 engage in sexual battery upon [B.J.], date of birth 1–23–96, to wit: fellatio. This is in violation of § 16–3–655 of the South Carolina Code of Laws (1976) as amended.[1]

*Indictment 2005–GS–10–808:* That [appellant] did in Charleston County on or between 2001 and June 2004 engage in sexual battery upon [B.J.], date of birth 1–23–96,

---

1. The jury acquitted Tumbleston of *Indictment 2005-GS-10-807.*

to wit: cunnilingus. This is in violation of § 16–3–655 of the South Carolina Code of Laws (1976) as amended.

*Indictment 2005–GS–10–809:* That [appellant] did in Charleston County on or between 2001 and June 2004 engage in sexual battery upon [B.J.], date of birth 1–23–96, to wit: digital penetration. This is in violation of § 16–3–655 of the South Carolina Code of Laws (1976) as amended.[2]

*Indictment 2005–GS–10–810:* That [appellant] did in Charleston County on or between 2001 and June 2004 engage in sexual battery upon [B.J.], date of birth 1–23–96, to wit: sexual intercourse. This is in violation of § 16–3–655 of the South Carolina Code of Laws (1976) as amended.

*Indictment 2005–GS–10–811:* That [appellant] did in Charleston County on or between 2001 and June 2004 willfully and lewdly commit or attempt a lewd and lascivious act upon or with the body of one [B.J.], a child under the age of sixteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of himself or such child. This is in violation of § 16–15–140 of the South Carolina Code of Laws (1976) as amended.

The indictments clearly identify the elements of each offense charged, substantially tracking the statutory language so plainly that the nature of the offense charged can be easily understood. Each indictment establishes an offense of sexual battery as defined in section 16–3–651 or lewd act on a minor as defined in section 16–15–140. The victim's date of birth substantiates that she was under the age of eleven when the offenses occurred. The conduct charged occurred "on or between 2001 and June 2004." Furthermore, the indictments indicate the offenses occurred prior to the February 15, 2005 grand jury indictment.

Time is not a material element of either first-degree criminal sexual conduct with a minor or committing a lewd act on a minor. *See* S.C.Code Ann. §§ 16–3–655, 16–15–140 (2003 and Supp.2006). The State is not required to denote the precise day, or even year, of the accused conduct in an indictment charging criminal sexual conduct. *Thompson,* 305 S.C. at 501, 409 S.E.2d at 423. Indeed, indictments for a sex crime that

---

2. The court directed a verdict of not guilty on *Indictment 2005–GS–10–809.*

allege offenses occurred during a specified time period are sufficient when the circumstances of the case warrant considering an extended time frame. *Nicholson,* 366 S.C. at 574, 623 S.E.2d at 103; *see also State v. Alexander,* 140 S.C. 325, 138 S.E. 835, 839 (1927) (noting "surplusage will not vitiate an indictment which, without regard to the surplusage, is sufficient to charge the offense for which the defendant is being indicted").

The stealth and repetitive nature of the alleged conduct compels identification of the broader time period. The victim is a young child, whom one cannot reasonably expect to recall the exact dates of the sexual abuse. B.J. verified the abuse began while she was in kindergarten, and she ensured the end of the abuse when she disclosed the offenses to her mother.

We reject the notion that a specified time period prevented Tumbleston from adequately preparing his defense to the charges. Reading the indictments objectively from a reasonable person's view, we conclude they contain the necessary elements of the offenses charged and sufficiently apprise Tumbleston that he must be prepared to address his conduct toward B.J. between 2001 and June 2004.

Tumbleston proceeded with the defense of denial, and the jury simply rejected this defense. His contention regarding the sufficiency of the indictments is without merit and we discern no abuse of discretion in the trial court's ruling.

## II. Motion for Directed Verdict

▮ Tumbleston maintains the trial court erred in denying his motion for a directed verdict. However, Tumbleston failed to argue or identify supporting authority on this issue in his brief on appeal. Consequently, we deem this issue abandoned. *See First Sav. Bank v. McLean,* 314 S.C. 361, 363 444 S.E.2d 513, 515 (1994) (stating an issue is abandoned where the appellant fails to provide argument or supporting authority); *see also Fassett v. Evans,* 364 S.C. 42, 45, 610 S.E.2d 841, 844 (Ct.App.2005); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.,* 348 S.C. 76, 77, 557 S.E.2d 689, 690 (Ct.App.2001).

## CONCLUSION

Based on a jurisprudential evaluation, we place our imprimatur and approbation upon the challenged indictments in regard to factual and legal sufficiency. Because we hold that the specific date and time is not an element of the offenses of first-degree criminal sexual conduct with a minor and lewd act on a minor, the indictments in this case meet the test of "notice documents."

Accordingly, Tumbleston's convictions and sentences are **AFFIRMED.**

SHORT and WILLIAMS, JJ., concur.