THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Middleton L. Hatchell, Appellant.
 
 
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2011-UP-239
Submitted May 1, 2011  Filed May 24, 2011    

AFFIRMED

 
 
 
 Benjamin A. Stitely and Robert T.
 Williams, Sr., both of Lexington, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of
 Columbia; and Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM:  Middleton
 L. Hatchell appeals his convictions for two counts of second-degree criminal
 sexual conduct (CSC) with a minor, one count of lewd act upon a child, and one
 count of disseminating harmful material to a minor.  He argues the trial court
 erred in denying his motions to quash the indictments and motions for a
 directed verdict.  We affirm.[1]
I. INDICTMENTS
Hatchell argues the trial
 court erred in denying his motions to quash the indictments because the periods
 stated on the indictments were too long to provide notice of the charges
 against him.  We disagree.
To
 determine whether the period alleged in the indictment provides sufficient
 notice to a defendant, this court uses a two-prong test: "(1) whether time
 is a material element of the offense; and (2) whether the time period covered
 by the indictment occurred prior to the return of the indictment by the grand
 jury."  State v. Tumbleston, 376 S.C. 90, 98-99, 654 S.E.2d 849,
 853-54 (Ct. App. 2007).  
Here, the periods alleged in
 Hatchell's indictments provided him sufficient notice to prepare an adequate
 defense.  First, time is not a material element of the CSC, lewd act, or
 dissemination offenses.  State v. Baker, 390 S.C. 56, 62-63, 700 S.E.2d 440,
 442 (Ct. App. 2010); see also S.C. Code Ann. § 16-15-385(A)-(B) (2003) (providing
 a person is guilty of disseminating harmful material to minors "if,
 knowing the character or content of the material, he . . . allows a
 minor to review or peruse material that is harmful to minors" or 
 "allows a minor to view a live performance which is harmful to
 minors").  Second, the periods alleged in the indictments occurred before
 Hatchell was indicted.  Accordingly, the trial court properly denied the
 motions to quash the indictments. 
II. MOTIONS
 FOR A DIRECTED VERDICT
Hatchell
 maintains the trial court erred in denying his motions for a directed verdict
 because the State's evidence amounted only to a suspicion of guilt.  We
 disagree.
"When
 reviewing a denial of a directed verdict, this [c]ourt views the evidence and
 all reasonable inferences in the light most favorable to the nonmoving
 party."  State v. Brannon, 388 S.C. 498, 501, 697 S.E.2d 593, 595
 (2010) (internal citations omitted).  "[T]he [S]tate must present any
 direct evidence or substantial circumstantial evidence . . . from
 which the defendant's guilt can be fairly and logically deduced."  State
 v. Muhammed, 338 S.C. 22, 26, 524 S.E.2d 637, 639 (Ct. App. 1999)
 (citations omitted).
"A
 person is guilty of [CSC] with a minor in the second degree if: (1) the actor
 engages in sexual battery with a victim who is fourteen years of age or less
 but who is at least eleven years of age . . . ."  S.C. Code
 Ann. § 16-3-655(B) (Supp. 2010).  A person is guilty of committing a lewd act
 upon a child if the person is "over the age of fourteen years [and]
 . . . willfully and lewdly commit[s] . . . a lewd or
 lascivious act upon or with the body, or its parts, of a child under the age of
 sixteen years, with the intent of arousing, appealing to, or gratifying the
 lust or passions or sexual desires of the person or of the child."  S.C.
 Code Ann. § 16-15-140 (2003).  A person is guilty of disseminating harmful
 material to minors "if, knowing the character or content of the material,
 he . . . allows a minor to review or peruse material that is harmful
 to minors" or  "allows a minor to view a live performance which is
 harmful to minors."  S.C. Code Ann. § 16-15-385(A)-(B) (2003).  
As to the CSC charges, the
 State presented testimony Hatchell had sex with the victim multiple times while
 she was between the ages of eleven and twelve.  Regarding the lewd act charge,
 the State presented testimony Hatchell repeatedly had sex with the victim and
 touched her breasts and vagina while she was between the ages of nine and
 twelve.  For the dissemination charge, the State presented testimony Hatchell
 showed a pornographic video to the victim and did not attempt to turn it off
 after it began playing.  Accordingly, the trial court properly denied the
 motions for a directed verdict.
AFFIRMED.
FEW,
 C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.