**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent

v.

Nelson Miralda, Appellant.

Appellate Case No. 2011-187846

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2012-UP-681
Submitted November 1, 2012 – Filed December 28, 2012

**AFFIRMED**

Appellate Defender Breen Richard Stevens, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie Kate Keeney, all of Columbia; and Solicitor W. Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Tumbleston*, 376 S.C. 90, 96-97, 654 S.E.2d 849, 852 (Ct. App. 2007) (stating a trial court should evaluate the sufficiency of an indictment by considering whether (1) the offense is stated with sufficient certainty and particularity for the court to know what judgment to pronounce and the defendant to know what he is being charged with and (2) the indictment apprises the defendant of the elements of the offense charged); *State v. Reddick*, 348 S.C. 631, 635, 560 S.E.2d 441, 443 (Ct. App. 2002) ("An indictment passes legal muster if it charges the crime substantially in the language of the . . . statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood." (internal citation and quotation marks omitted)); *State v. Owens*, 346 S.C. 637, 649, 552 S.E.2d 745, 751 (2001) ("Specific reference to [the statute] in the body of the indictment provided appellant with notice of the elements of [the crime he was being charged with]."), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 101-03, 610 S.E.2d 494, 499 (2005); *Tumbleston*, 376 S.C. at 97, 654 S.E.2d at 853 ("[W]hether the indictment could be more definite or certain is irrelevant."); *id.* ("In determining whether an indictment meets the sufficiency standard, the trial court must look at the indictment with a practical eye in view of all the surrounding circumstances."); *id.* ("Accordingly, the sufficiency of an indictment is examined objectively, from the viewpoint of a reasonable person, and not from the subjective viewpoint of a particular defendant."); *State v. Bridgers*, 329 S.C. 11, 16, 495 S.E.2d 196, 199 (1997) (finding police officers are public officials within the meaning of section 16-3-1040 of the South Carolina Code (2003)).

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.