**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Thomas Marett, Appellant.

Appellate Case No. 2013-002017

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2015-UP-149
Submitted February 1, 2015 – Filed March 18, 2015

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Thomas Marett appeals his conviction of obtaining property by false pretenses, arguing the trial court erred in (1) denying his motion to dismiss or

quash the indictment, (2) denying his motion for a directed verdict, and (3) not charging the jury that a post-dated check is a promise to pay at a future date. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Marett's motion to dismiss or quash the indictment: *State v. Tumbleston*, 376 S.C. 90, 96-97, 654 S.E.2d 849, 852 (Ct. App. 2007) ("[T]he [trial] court should evaluate the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense intended to be charged."); *id.* at 94, 654 S.E.2d at 851 ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion.").

2. As to whether the trial court erred in denying Marett's motion for a directed verdict: *State v. Barksdale*, 311 S.C. 210, 215, 428 S.E.2d 498, 501 (Ct. App. 1993) ("In considering [a] motion for directed verdict, this court is concerned only with the existence of evidence and not its weight."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) (providing this court must view the evidence in the light most favorable to the State); *id.* (providing this court must find the case was properly submitted to the jury "if there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused" (emphasis omitted)); *State v. Bostick*, 392 S.C. 134, 139, 708 S.E.2d 774, 776-77 (2011) ("Unless there is a total failure of competent evidence as to the charges alleged, refusal by the trial [court] to direct a verdict of acquittal is not error." (citation and internal quotation marks omitted)).

3. As to whether the trial court erred in not charging the jury that a post-dated check is a promise to pay at a future date: Rule 20(b), SCRCrimP ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection."); *State v. Stone*, 285 S.C. 386, 387, 330 S.E.2d 286, 287 (1985) ("[A] defendant's failure to object to the charge as made or to request an additional charge, when an opportunity has been afforded to do so, results in a waiver of his right to complain about the charge on appeal.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.