**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Robert Dale Hughes, Appellant.

Appellate Case No. 2015-001073

---

Appeal From York County
John C. Hayes, III, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-029
Submitted November 1, 2016 – Filed January 11, 2017

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial [judge]'s factual conclusions as to the sufficiency of an

indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *Evans v. State*, 363 S.C. 495, 508, 611 S.E.2d 510, 517 (2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, i.e., to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the [trial judge] to know what judgment to pronounce if the defendant is convicted."); *State v. McIntire*, 221 S.C. 504, 509, 71 S.E.2d 410, 412 (1952) ("The true test of the sufficiency of an indictment is . . . whether it contains the necessary elements of the offense intended to be charged[] and sufficiently apprise[s] the defendant of what he must be prepared to meet.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.