**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Edward Gentile, Appellant.

Appellate Case No. 2015-001370

———————————

Appeal From Dorchester County
Maité Murphy, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-108
Submitted January 1, 2017 – Filed March 8, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV, of
Columbia; and Solicitor David Michael Pascoe, Jr., of
Summerville, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App.
2007) ("The trial court's factual conclusions as to the sufficiency of an indictment

will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion without evidentiary support."); *id.* at 98-99, 654 S.E.2d at 853-54 (explaining the court uses a two-prong test to determine whether the period alleged in the indictment provides sufficient notice to a defendant: "(1) whether time is a material element of the offense; and (2) whether the time period covered by the indictment occurred prior to the return of the indictment by the grand jury."); *id.* at 101, 654 S.E.2d at 855 ("Time is not a material element of . . . committing a lewd act on a minor."); *id.* at 101-02, 654 S.E.2d at 855 ("[I]ndictments for a sex crime that allege offenses occurred during a specified time period are sufficient when the circumstances of the case warrant considering an extended time frame."); *id.* at 102, 654 S.E.2d at 855 ("The stealth and repetitive nature of the alleged conduct compels identification of the broader time period.  The victim is a young child, whom one cannot reasonably expect to recall the exact dates of the sexual abuse."); *State v. Wade*, 306 S.C. 79, 82-83, 409 S.E.2d 780, 781-82 (1991) (refusing to adopt a *per se* rule that a two year time period in an indictment was unconstitutionally overbroad).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.