**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Roxanne Hughes, Respondent.

Appellate Case No. 2015-002073

Appeal From Colleton County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-033
Heard December 12, 2017 – Filed January 24, 2018

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Appellant.

Joseph Preston Strom, John R. Alphin, Bakari T. Sellers, and Alexandra Marie Benevento, all of Strom Law Firm, of Columbia, for Respondent.

**PER CURIAM:** The State appeals the circuit court's dismissal of Roxanne Hughes' indictments for felony tax evasion. The State argues the circuit court erred in dismissing the indictments because (1) the indictments were facially valid, (2)

Hughes' actions constituted felony tax evasion, and (3) the solicitor had exclusive prosecutorial discretion to decide which charges to bring against Hughes. We reverse and remand.

In 2009, Hughes filed a withholding allowance certificate with her employer claiming "exempt" status, causing her employer to not withhold taxes from her pay. Hughes' income was sufficient enough to not qualify as "exempt," and having earned more than $80,000, she incurred $2,000 in state income tax liability. However, Hughes did not file a state income tax return by the April 15, 2010 deadline and did not pay her tax liability. Hughes repeated this behavior in 2010 and 2011, and having earned $90,000 each year, incurred an additional $8,000 in state income tax liability.

Hughes was indicted for three counts of felony tax evasion. In response, Hughes filed a "Motion to Proceed Under a More Specific Offense Statute," requesting the circuit court dismiss the indictments for felony tax evasion because the actions the State argued supported the charges for felony tax evasion—claiming "exempt" status and not filing a state income tax return—were specifically outlined as misdemeanors within the same statute. The circuit court dismissed the indictments, and this appeal followed.

Absent some statutory grant, ordinarily a circuit court does not have authority to dismiss a facially valid indictment. *See State v. Needs*, 333 S.C. 134, 146, 508 S.E.2d 857, 863 (1998) ("[A circuit] court generally has no power to dismiss a properly drawn indictment issued by a properly constituted grand jury before trial unless a statute grants that power to the court."); *State v. Williams*, 301 S.C. 369, 371, 392 S.E.2d 181, 182 (1990) (finding the circuit court properly denied a motion to dismiss indictments because the indictments were facially valid). The circuit court must assess the sufficiency of an indictment if the challenge is made before a jury is sworn. *State v. Smalls*, 364 S.C. 343, 347, 613 S.E.2d 754, 756 (2005). The sufficiency of an indictment is to be assessed

> by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce[] and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) [the indictment] apprises the defendant of the elements of the offense that is intended to be charged.

*State v. Gentry*, 363 S.C. 93, 102–03, 610 S.E.2d 494, 500 (2005). "In determining whether an indictment meets the sufficiency standard, the [circuit] court must look at the indictment with a practical eye in view of all the surrounding circumstances." *State v. Tumbleston*, 376 S.C. 90, 97, 654 S.E.2d 849, 853 (Ct. App. 2007). "[T]he true test of the sufficiency of an indictment is not whether it could have been more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet." *State v. Ham*, 259 S.C. 118, 129, 191 S.E.2d 13, 17 (1972).

In South Carolina, an indictment

> shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided.

S.C. Code Ann. § 17-19-20 (2014). "Therefore, an indictment passes legal muster when it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood." *Tumbleston*, 376 S.C. at 98, 654 S.E.2d at 853.

Indictment 2013-GS-15-0815, the indictment for count one of felony tax evasion, states:

> That on or about April 15, 2010, in Colleton County, the defendant, Roxanne Hughes did willfully attempt to evade and defeat a tax or property assessment imposed by the South Carolina Department of Revenue or the payment of that tax or assessment; to wit: the defendant willfully and knowingly filed a false withholding allowance certificate with her employer in Colleton County, in which the Defendant claimed to be exempt from withholding taxes. Because of this false withholding certificate, the employer did not withhold sufficient taxes from the Defendant's pay as required by law. The Defendant earned taxable income of more than $80,000 during the tax year 2009 and had a

State tax liability of over $2,000.  Despite being required by law to file a South Carolina individual income tax return by April 15, 2010, the defendant knowingly and willingly failed to file a South Carolina individual income tax return for tax year 2009 and did not pay the required tax.

These actions being in violation of Section 12-54-44 (B) (1), Code of Laws of South Carolina, 1976, as amended, against the peace and dignity of the State, and contrary to the statute in such case made and provided.

Hughes' indictments for count two and three of felony tax evasion are virtually identical, alleging the same actions took place in 2010 and 2011.

We find the circuit court erred in dismissing Hughes' indictments because the indictments are facially valid.  In view of the surrounding circumstances, we believe the indictments meet the test of sufficiency set forth in *Gentry*.  The indictments cite directly to the statute outlining the offense of felony tax evasion, "enabl[ing] the court to know what judgment to pronounce" and informing Hughes that she "is called upon to answer" the offense of felony tax evasion.  Additionally, the indictments "apprise[] [Hughes] of the elements of" tax evasion and how her conduct violated the statute.  Finally, the indictments track the language of the statute outlining felony tax evasion and state Hughes' actions were contrary to the statute.  *See* § 17-19-20 (stating an indictment alleging a statutory offense is sufficient when the indictment charges the offense in the language of the statute and "the offense be alleged to be contrary to the statute"); *Tumbleston*, 376 S.C. at 98, 654 S.E.2d at 853 ("[A]n indictment passes legal muster when it charges the crime substantially in the language of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood.").

In light of the foregoing, we decline to address the State's remaining arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("[An] appellate court need not address remaining issues when [resolution] of prior issue is dispositive.").

**REVERSED AND REMANDED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**