**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Vance Ross, Appellant.

Appellate Case No. 2017-001045

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2020-UP-038
Submitted January 1, 2020 – Filed February 12, 2020

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Edgar Lewis Clements III, of Florence, all for Respondent.

**PER CURIAM:** Vance Ross appeals his conviction of six counts of criminal sexual conduct (CSC) with a minor and resulting life sentence. On appeal, Ross argues the trial court erred in refusing to (1) quash the indictment and (2) grant a

directed verdict on one of the two counts involving oral sex with Minor #1.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue one: *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *State v. Gentry*, 363 S.C. 93, 102-03, 610 S.E.2d 494, 500 (2005) ("The indictment is a notice document.  A challenge to the sufficiency of the indictment on the ground of insufficiency must be made before the jury is sworn . . . the circuit court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged."); S.C. Code Ann. § 16-3-655(A)(1) (2015) ("A person is guilty of [CSC] with a minor in the first degree if . . . the actor engages in sexual battery with a victim who is less than eleven years of age . . . ."); *Tumbleston*, 376 S.C. at 101, 654 S.E.2d at 855 ("Time is not a material element of . . . first-degree [CSC] . . . .  The State is not required to denote the precise day, or even year, of the accused conduct in an indictment charging [CSC]."); *id.* at 101-02, 654 S.E.2d at 855  ("[I]ndictments for a sex crime that allege offenses occurred during a specified time period are sufficient when the circumstances of the case warrant considering an extended time frame."); *id.* (holding a three-year time frame in an indictment for CSC was sufficient when the indictment adequately notified the defendant of the charges against him); *State v. Wade*, 306 S.C. 79, 86, 409 S.E.2d 780, 784 (1991) (holding a two-year time frame in an indictment for CSC was sufficient in light of the surrounding circumstances of the case).

2.  As to issue two: Viewed in the light most favorable to the State, Minor #1's testimony regarding oral sex at a hotel, coupled with Minor #2's testimony of witnessing oral sex between Minor #1 and Ross in a car, was sufficient to send two counts of CSC involving oral sex with Minor #1 to the jury.  *See State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, an appellate court views the evidence and all reasonable inferences in the light most favorable to the State.  If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury.");

§ 16-3-655(A)(1) ("A person is guilty of [CSC] with a minor in the first degree if . . . the actor engages in sexual battery with a victim who is less than eleven years of age . . . .").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.