**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Glen Edward Waldrop, Appellant.

Appellate Case No. 2019-000989

————————

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

————————

Unpublished Opinion No. 2021-UP-235
Submitted June 1, 2021 – Filed June 23, 2021

————————

**AFFIRMED**

————————

Appellate Defender Taylor Davis Gilliam, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor Barry Joe Barnette, of
Spartanburg, all for Respondent.

————————

**PER CURIAM:** Glen E. Waldrop appeals his convictions for two counts of
trafficking methamphetamine and concurrent sentences of twenty-five years'
imprisonment on each count. On appeal, Waldrop argues the trial court erred by

failing to quash the indictments for lack of subject matter jurisdiction and improper venue. We affirm.

We find the trial court did not err by failing to quash the indictments. *See State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."). First, an indictment is a notice document; it does not confer subject matter jurisdiction on the court. *See id.* at 95, 654 S.E.2d at 852 ("[T]he subject matter jurisdiction of the circuit court and the sufficiency of an indictment are two distinct concepts."); *id.* at 96, 654 S.E.2d at 852 ("Pursuant to [*State v.* ]*Gentry*, [363 S.C. 93, 610 S.E.2d 494 (2005),] an indictment reputed to be insufficient no longer raises a question of subject matter jurisdiction; rather, it raises a question of whether a defendant properly received notice he would be tried for a particular crime."). Nevertheless, the trial court had the power to hear and determine a drug trafficking case. *See id.* at 95, 654 S.E.2d at 852 ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." (quoting *Gentry*, 363 S.C. at 100, 610 S.E.2d at 498)); S.C. Const. art. V, § 11 (providing the circuit court "shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law"); *State v. Crocker*, 366 S.C. 394, 402, 621 S.E.2d 890, 894 (Ct. App. 2005) ("Circuit courts obviously have subject matter jurisdiction to try criminal matters." (quoting *Gentry*, 363 S.C. at 101, 610 S.E.2d at 499)).

To the extent Waldrop is arguing his indictments should be quashed because the venue was improper, we disagree. Quashing the indictment on the basis of venue is the proper remedy only if venue is not alleged within the indictment. *See State v. McIntire*, 221 S.C. 504, 71 S.E.2d 410 (1952) (providing a motion to quash is properly denied when the indictment sufficiently alleges venue). Here, both indictments allege Waldrop possessed methamphetamine in Cherokee County; thus, the indictments alleged a venue. Further, to the extent Waldrop raises the issue of improper venue generally, and not within the context of quashing the indictments, we find there is evidence the crimes charged occurred in Cherokee County and thus, it was proper for Waldrop to be tried in Cherokee County. *See Crocker*, 366 S.C. at 404, 621 S.E.2d at 895 ("The standard for establishing venue is not a stringent one, for 'venue, like jurisdiction, in a criminal case need not be affirmatively proved, and circumstantial evidence of venue, though slight, is sufficient . . . .'" (quoting *State v. Williams*, 321 S.C. 327, 334, 468 S.E.2d 626, 630

(1996))). Although the vehicle stop occurred in Spartanburg County, Waldrop got into the vehicle in Cherokee County and the vehicle did not stop prior to the police stop; thus, Waldrop had the methamphetamine on his person while he was in Cherokee County. *See id.* ("[W]here some acts material to the offense . . . occur in one county, and some in another, venue is proper in either county." (quoting *Williams*, 321 S.C. at 334, 468 S.E.2d at 630)); S.C. Code Ann. § 44-53-375(C) (2018) ("A person . . . who is knowingly in actual or constructive possession . . . of ten grams or more of methamphetamine . . . is guilty of a felony which is known as 'trafficking in methamphetamine or cocaine base' . . . .").[1]

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] To the extent Waldrop argues the Cherokee County officers exceeded the bounds of their jurisdiction, we find this issue is not preserved for appellate review because Waldrop did not object to the admission of the evidence during trial. *See State v. Simpson*, 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996) ("A ruling in limine is not a final ruling on the admissibility of evidence. Unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review." (citation omitted)); *Burke v. AnMed Health*, 393 S.C. 48, 55, 710 S.E.2d 84, 88 (Ct. App. 2011) ("When a party states to the trial court that it has no objection to the introduction of evidence, even though the party previously made a motion to exclude the evidence, the issue raised in the previous motion is not preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.