**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ralph Dale Dixon, Jr., Appellant.

Appellate Case No. 2020-001556

———————————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-140
Submitted March 1, 2023 – Filed April 5, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————————

**PER CURIAM:** Ralph Dale Dixon, Jr. appeals his convictions for resisting arrest and failure to register as a sex offender, third offense, and his aggregate sentence of five years' imprisonment. On appeal, Dixon argues the trial court erred in

denying his motion for directed verdict and motion to quash the indictment. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Dixon's argument that the trial court erred by denying his motion for a directed verdict is not preserved for review because Dixon did not argue the Sex Offender Registry Act was unconstitutional when he moved for a directed verdict at trial. *See State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997) ("An issue may not be raised for the first time on appeal, but must have been raised to the trial [court] to be preserved for appellate review."); *State v. Carlson*, 363 S.C. 586, 596, 611 S.E.2d 283, 288 (Ct. App. 2005) ("[C]onstitutional arguments are no exception to the error preservation rule, 'and if not raised to the trial court are deemed waived on appeal.'" (quoting *State v. Varvil*, 338 S.C. 335, 339, 526 S.E.2d 248, 250 (Ct. App. 2000))).

2. We hold the trial court did not abuse its discretion by denying Dixon's motion to quash the indictment. *See State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or a factual conclusion without evidentiary support."); *Evans v. State*, 363 S.C. 495, 508, 611 S.E.2d 510, 517 (2005) ("The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, *i.e.*, to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the [trial] court to know what judgment to pronounce if the defendant is convicted."); *State v. Gentry*, 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005) ("In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.