**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Duane Arness Harrison, Appellant.

Appellate Case No. 2021-000226

---

Appeal From York County
William A. McKinnon, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-193
Submitted April 1, 2023 – Filed May 24, 2023

---

**AFFIRMED**

---

Glenn Walters, Sr., of Glenn Walters & Associates, PA, of Orangeburg, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

---

**PER CURIAM:** Duane Arness Harrison appeals the denial of his motion to vacate his guilty plea to trafficking in cocaine, 28 to 100 grams, and his sentence of

twelve-and-one-half years' imprisonment.  On appeal, Harrison argues the circuit court erred by refusing to vacate his conviction and sentence for lack of subject matter jurisdiction because his no-contest plea was to an offense that was not charged in the indictment issued against him, and he did not waive grand jury presentment.  We affirm.

We find the circuit court did not abuse its discretion by failing to vacate Harrison's conviction and sentence for lack of subject matter jurisdiction.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 29(a), SCRCrimP ("Except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten (10) days after the imposition of the sentence."); Rule 29(b), SCRCrimP.  ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *State v. Warren*, 392 S.C. 235, 239, 708 S.E.2d 234, 236 (Ct. App. 2011) ("The [trial] court does not retain authority to entertain a motion which is not made within ten days of sentencing."); *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *id.* at 95, 654 S.E.2d at 852 ("[T]he subject matter jurisdiction of the circuit court and the sufficiency of an indictment are two distinct concepts."); *id.* at 96, 654 S.E.2d at 852 ("Pursuant to [*State v.*] *Gentry*, [363 S.C. 93, 610 S.E.2d 494 (2005),] an indictment reputed to be insufficient no longer raises a question of subject matter jurisdiction; rather, it raises a question of whether a defendant properly received notice he would be tried for a particular crime."); *id.* at 95, 654 S.E.2d at 852 ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." (quoting *Gentry*, 363 S.C. at 100, 610 S.E.2d at 498)); *State v. Crocker*, 366 S.C. 394, 402, 621 S.E.2d 890, 894 (Ct. App. 2005) ("Circuit courts obviously have subject matter jurisdiction to try criminal matters." (quoting *Gentry*, 363 S.C. at 101, 610 S.E.2d at 499)); *State v. Means*, 367 S.C. 374, 385, 626 S.E.2d 348, 355 (2006) ("A defendant may waive a potential challenge to an indictment, just as he may waive any of his constitutional rights, by failing to raise the issue or by admitting the sufficiency of a particular indictment.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**