Justice BEATTY.
Mark Baker was convicted of four counts of committing a lewd act upon a minor.[1] The Court of Appeals affirmed. *586 State v. Baker, 390 S.C. 56, 700 S.E.2d 440 (Ct.App.2010). Following the denial of his petition for rehearing, Baker petitioned this Court for a writ of certiorari to review the decision. We granted the petition to analyze whether: (1) the trial judge erred in refusing to quash the indictments, which alleged the offenses occurred over a six-year time frame; and (2) qualifying a witness as an expert in forensic interviewing. We reverse Baker’s convictions as we hold the indictments were unconstitutionally overbroad.[2]
I. Factual/Procedural History
In October 2004, Victim Two, Baker’s youngest niece, informed her mother that “Uncle Mark was messing with” her older sister, Victim One. At that time, Victim Two denied that Baker had molested her.
On October 22, 2004, Baker was arrested on four counts of committing a lewd act upon a minor and one count of criminal sexual conduct with a minor in the second degree (“CSC”). At that time, the arrest warrants alleged the conduct involving Victim One occurred between: May 1, 2002 until September 1, 2002; May 1, 2003 until September 1, 2003; and June 1, 2004 until June 20, 2004. In January 2005, a Sumter County grand jury indicted Baker for the charges identified in the arrest warrants. In June 2006, as the case was coming up for trial, Victim Two came forward with a separate allegation that *587 Baker abused her in 2002. In July 2006, Baker was indicted for committing a lewd act upon a minor for the claim made by Victim Two.
However, after Victim One and Victim Two viewed photographs of a visit to Sumter in their aunt’s scrapbook, Victim One recalled that the abuse began before the birth of her youngest sister in October 1998. Victim Two also testified that Baker abused her in 1998 before the birth of her youngest sister. Subsequently, the State presented a second set of indictments to the grand jury that alleged the lewd acts involving Victim One occurred between June 1, 1998 and September 1, 2004. The timing of the CSC charge remained the same. Additionally, the indictment containing the allegation involving Victim Two was amended to state that she was molested between June 1, 1998 and September 1, 1998 instead of 2002. On October 26, 2006, the grand jury true billed the amended indictments.
On November 13, 2006, the case was called for trial. Prior to trial, Baker moved to quash the indictments on the ground they were unconstitutionally overbroad and vague. Baker explained that his ability to present a defense was hindered as the “broad brush [of the indictments] is not just summers of three years but really six and a half to seven years with no specificity.” The trial judge denied the motion, finding the indictments were sufficient despite the lack of specific dates because the dates were not an essential element of the charges.
Ultimately, the jury convicted Baker of the four counts of committing a lewd act upon a minor involving Victim One, but acquitted him of the fifth count of committing a lewd act upon a minor and CSC. The judge sentenced Baker to an aggregate sentence of thirty years’ imprisonment.
On appeal, the Court of Appeals affirmed Baker’s convictions. State v. Baker, 390 S.C. 56, 700 S.E.2d 440 (Ct.App.2010). In so ruling, the court found the indictments sufficient as time was not a material element of the charged offenses, the time period covered by the indictments occurred prior to the return of the indictments by the grand jury, and the indictments clearly identified the elements of the offenses and substantially tracked the statutory language so that the nature *588 of the charged offenses could be easily understood. Id. at 62-64, 700 S.E.2d at 442-44. This Court granted Baker’s petition for a writ of certiorari pursuant to Rule 242(a) of the South Carolina Appellate Court Rules.
II. Standard of Review
“In criminal cases, the appellate court sits to review errors of law only.” State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (citations omitted). “We are bound by the trial court’s factual findings unless they are clearly erroneous.” Id. at 6, 545 S.E.2d at 829.
III. Discussion
Baker argues the Court of Appeals erred in affirming the circuit court judge’s denial of his motion to quash the indictments. He contends the indictments were unconstitutionally overbroad and vague as the indictments alleged the offenses occurred at an unspecified time over a six-year period. As a result, Baker claims it was “virtually impossible to try and defend against accusations spanning such a vast period of time.”[3]
An indictment is a critical document in criminal defense preparation that is grounded in constitutional and statutory principles. See S.C. Const. art. I, § 11 (“No person may be held to answer for any crime the jurisdiction over which is not within the magistrate’s court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed....”); S.C.Code Ann. § 17-19-10 (2014) (“No person shall be held to answer in any court for an alleged crime or offense, unless upon indictment by a grand jury....”). As we explained in State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005):
The indictment is the charge of the state against the defendant, the pleading by which he is informed of the fact, and the nature and scope of the accusation. When that indictment is presented, that accusation made, that pleading *589 filed, the accused has two courses of procedure open to him. He may question the propriety of the accusation, the manner in which it has been presented, the source from which it proceeds, and have these matters promptly and properly determined; or, waiving them, he may put in issue the truth of the accusation, and demand the judgment of his peers on the merits of the charge. If he omits the former, and chooses the latter, he ought not, when defeated on the latter, — when found guilty of the crime charged, — to be permitted to go back to the former, and inquire as to the manner and means by which the charge was presented.
Id. at 102, 610 S.E.2d at 499-500 (citations omitted) (emphasis added).
If a defendant raises a timely challenge to the sufficiency of an indictment, the reviewing court is charged with:
determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged.
Gentry, 363 S.C. at 102-03, 610 S.E.2d at 500 (emphasis added). “In determining whether an indictment meets the sufficiency standard, the trial court must look at the indictment with a practical eye in view of all the surrounding circumstances.” State v. Tumbleston, 376 S.C. 90, 97, 654 S.E.2d 849, 853 (Ct.App.2007). In doing so, “one is to look at the ‘surrounding circumstances’ that existed pre-trial, in order to determine whether a given defendant has been ‘prejudiced,’ i.e., taken by surprise and hence unable to combat the charges against him.” State v. Wade, 306 S.C. 79, 86, 409 S.E.2d 780, 784 (1991).
In reviewing Baker’s appeal, we focus our attention on Gentry as it is the seminal case in analyzing the sufficiency of an indictment. Specifically, Gentry sets forth two requirements that are relevant and dispositive in the instant case. The first being a defendant’s right to question the manner in which the accusation has been presented, which Baker has *590 done. The second, and most important here, is the Court’s determination as to whether the offense is stated with sufficient certainty and particularity to enable the defendant to know what he is called upon to answer and whether he may plead an acquittal.
Examining the indictments in the instant case in view of all the surrounding circumstances, we find Baker was prejudiced as he was undoubtedly taken by surprise and significantly limited in his ability to combat the charges against him. Simply stated, there was no way for Baker to know “whether he [could] plead an acquittal.” Gentry, 363 S.C. at 103, 610 S.E.2d at 500.
Approximately two weeks before trial, the State presented Baker’s counsel with new indictments notifying Baker that he was being charged with offenses that allegedly occurred between June 1, 1998 and September 1, 2004; however, no temporal limitation is identified in the indictments. Prior to that date, Baker had prepared a defense over the course of a year based on the original indictments that alleged the criminal offenses were committed during the summers of 2002, 2003, and 2004. Thus, as a result of the new indictments, Baker was required to research and defend against events that occurred over a continuous six-year period as opposed to three identifiable summers. Despite the significantly expanded time frame, the new indictments were no more specific than the original indictments.
Due to the State’s belated presentation of the new indictments, Baker was given a mere two weeks to complete such an arduous task.[4] In addition to the time constraints, *591 Baker’s counsel noted the defense was hampered as Baker’s employment records prior to July 2000 had been destroyed and, thus, he could not adequately establish Baker’s whereabouts during the time frame identified in the indictments. Aside from this concrete example of prejudice, we are unable to discern how any defendant could effectively defend himself against a six-year time frame. More specifically, the only complete defense would be that of an alibi. As this Court has stated:
The literal significance of the word ‘alibi’ is ‘elsewhere’; as used in criminal law, it indicates that line of proof by which an accused undertakes to show that because he was not at the scene of the crime at the time of its commission, having been at another place at the time, he could not have committed the crime. In other words, by an alibi the accused attempts to prove that he was at a place so distant that his participation in the crime was impossible. To be successful, his alibi must cover the entire time when his presence was required for accomplishment of the crime. To establish an alibi, the accused must show that he was at another specified place at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime. It is not enough for the accused to say that he was not at the scene and must therefore have been elsewhere. The latter statement does not constitute an alibi. And since an alibi derives its potency as a defense from the fact that it involves the physical impossibility of the accused’s guilt, a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all.
State v. Robbins, 275 S.C. 373, 375, 271 S.E.2d 319, 320 (1980) (quoting 21 Am.Jur.2d Criminal Law § 136 (emphasis added)). Although the solicitor indicated that Baker did not submit an alibi defense, it is understandable as it would have been impossible for him to produce evidence of an alibi that would cover a six-year period.
*592 Given the expansive time frame and lack of specificity as to this time frame, we can only conclude Baker was prejudiced by the defects in the indictments. Although we recognize the difficulty the prosecution faces in identifying exact dates in child sexual abuse cases, the class of criminal case should not translate into an exception that operates to circumvent constitutional and statutory principles.
Accordingly, we hold the trial judge erred in refusing to quash the indictments as the non-specific, six-year period covered in the indictments was unconstitutionally overbroad because it lacked specificity as to when the alleged acts occurred. It is axiomatic that an indictment must include more than the elements of the charged offense. Therefore, we reverse Baker’s convictions.[5]
REVERSED.
HEARN, J. concurs. PLEICONES, J., concurring in result only. TOAL, C.J., dissenting in a separate opinion in which KITTREDGE, J., concurs.

. See S.C.Code Ann. § 16-15-140 (2003) ("It is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child *586 under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.”). We cite to the code section in effect at the time of the alleged offenses. However, we note this code section was repealed on June 18, 2012.

. Based on our holding, it is unnecessary to address Baker's remaining issue regarding the qualification of the forensic interviewer as an expert witness. See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal). However, we recently held that it is improper to qualify a forensic interviewer as an expert witness. See State v. Kromah, 401 S.C. 340, 357 n. 5, 737 S.E.2d 490, 499 n. 5 (2013) (“[W]e state today that we can envision no circumstance where [a forensic interviewer’s] qualification as an expert at trial would be appropriate. ... Such subjects, while undoubtedly important in the investigative process, are not appropriate in a court of law when they run afoul of evidentiary rules and a defendant’s constitutional rights.”).

. Baker makes no assertion that the indictments failed to correctly identify the statutory elements of the offense. Accordingly, our analysis is confined to the narrow issue of whether the six-year time frame was unconstitutionally overbroad.

. The dissent assigns error to our analysis regarding the requirements for a sufficient indictment. Specifically, the dissent claims that we erroneously conflate the “concepts of notice with preparation.” Although we disagree with the dissent's assignment of error to our analysis, we acknowledge that we discuss the concepts of notice and preparation in tandem. We believe this is the correct treatment of these concepts as the notice function of an indictment necessarily includes an assessment of whether an accused has the opportunity to prepare a defense. More specifically, a sufficient indictment must do more than merely recite the elements of the offense charged. As previously stated, the indictment must also contain sufficient factual allegations to permit the accused to know whether he may plead an acquittal or conviction thereon. Gentry, 363 S.C. at 102-03, 610 S.E.2d *591 at 500. Thus, we believe that notice and preparation are inextricably linked concepts as "[fjairness and due process require that a criminal defendant receive sufficient notice of the charges against him to enable him to prepare a defense.” In re Corey B., 291 S.C. 108, 109, 352 S.E.2d 470, 470 (1987).

. We emphasize that our decision does not preclude the State from re-indicting Baker for the four counts of committing lewd act upon a minor that he was convicted by using appropriate time limitations for the charged offenses. Had the indictments alleged that the conduct occurred during the summer months of the years 1998 through 2004, i.e., June 1 until September 1, we believe the indictments would have been sufficient.