**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Vernon Glen Evans, Appellant.

Appellate Case No. 2014-002747

Appeal From Pickens County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2017-UP-104
Submitted January 1, 2017 – Filed March 8, 2017

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

**PER CURIAM:** Vernon Glen Evans appeals his conviction of first-degree criminal sexual conduct (CSC) with a minor and resulting thirty-year sentence,

arguing the trial court erred by refusing to quash his indictment because it was overbroad.  We affirm.[1]

The trial court did not abuse its discretion by denying Evans's motion to quash the indictment.  *See State v. Dawson*, 402 S.C. 160, 163, 740 S.E.2d 501, 502 (2013) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Tumbleston*, 376 S.C. 90, 94, 654 S.E.2d 849, 851 (Ct. App. 2007) ("The trial court's factual conclusions as to the sufficiency of an indictment will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *State v. Washington*, 379 S.C. 120, 124, 665 S.E.2d 602, 604 (2008) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law.").

First, the indictment's language put Evans on notice of the charge he faced.  *See State v. Gentry*, 363 S.C. 93, 102, 610 S.E.2d 494, 500 (2005) ("The indictment is a notice document."); *Tumbleston*, 376 S.C. at 96-97, 654 S.E.2d at 852 ("If the objection [to the indictment] is timely made, the [trial] court should evaluate the sufficiency of the indictment by determining whether . . . it apprises the defendant of the elements of the offense intended to be charged."); S.C. Code Ann. § 16-3-655(A)(1) (2015) ("A person is guilty of [CSC] with a minor in the first degree if . . . the actor engages in sexual battery with a victim who is less than eleven years of age . . . ."); *State v. Baker*, 411 S.C. 583, 589-90, 769 S.E.2d 860, 864 (2015) (noting this court examines an indictment in view of the surrounding circumstances when determining whether a defendant was taken by surprise).

Second, the indictment was not required to specify the precise time of the charged offense.  *See Tumbleston*, 376 S.C. at 99, 654 S.E.2d at 854 ("[T]he indictment[] need not specify the precise time of [the] offense charged [when] (1) time is not a material element of [the] offense; and (2) the . . . time period covered by the indictment[] occurred prior to the return of the indictment[] by the grand jury."); *State v. Thompson*, 305 S.C. 496, 501, 409 S.E.2d 420, 423 (Ct. App. 1991) ("The specific date and time is not an element of the offense of first[-]degree [CSC].").

Third, this case warranted consideration of an extended time frame on the indictment.  *See Tumbleston*, 376 S.C. at 101-02, 654 S.E.2d at 855 ("The State is not required to denote the precise day, or even year, of the accused conduct in an indictment charging [CSC].  Indeed, indictments for a sex crime that allege offenses occurred during a specified time period are sufficient when the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

circumstances of the case warrant considering an extended time frame." (citation omitted)).  "Reading the indictment[] objectively from a reasonable person's view, we conclude [it] contain[ed] the necessary elements of the offenses charged and sufficiently apprise[d]" Evans that he needed to be prepared to address his conduct toward the victim for the specified time period.  *Tumbleston*, 376 S.C. at 102, 654 S.E.2d at 855.  Accordingly, the indictment was sufficient and the trial court's decision was not erroneous.  *See id.* (explaining an indictment providing a three-year time frame in which the alleged sexual conduct occurred sufficiently apprised the defendant of the offense charged); *cf. Baker*, 411 S.C. at 591, 769 S.E.2d at 864 (explaining our supreme court was "unable to discern how any defendant could effectively defend himself against a six-year time frame" listed on an indictment).

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**