**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Orlando Martinez Coleman, Appellant.

Appellate Case No. 2015-000611

Appeal From York County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2018-UP-090
Heard December 6, 2017 – Filed February 21, 2018

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia; and Jessica Leigh Birt, of Charleston County Public Defender's Office, both for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

**PER CURIAM:** Orlando Martinez Coleman appeals his convictions for two counts of criminal sexual conduct (CSC) with a minor in the first degree, arguing

the circuit court erroneously denied his motion to quash an amended indictment and abused its discretion in permitting Laurie Caldwell to testify as an expert witness in delayed disclosure. Coleman further asserts the circuit court's erroneous rulings unfairly prejudiced his case. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The circuit court properly denied Coleman's motion to quash the amended indictment. Other than narrowing the timeframe for the "tennis court incident" from August 24, 2010 through June 15, 2012, to May 13, 2011 through June 15, 2012, the amended indictment included the same information as the original: the elements of the alleged offense,[1] Coleman's name and date of birth, the victim's name and date of birth, and the factual allegation that Coleman "did commit the sexual battery upon and with [the] victim . . . by digitally penetrating her vagina with his finger." *See* S.C. Code Ann. § 17-19-20 (2014) ("Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided."); *State v. Gentry*, 363 S.C. 93, 102–03, 610 S.E.2d 494, 500 (2005) (explaining that if a defendant timely objects to an indictment on the ground of insufficiency, "the circuit court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged"); *contra State v. Baker*, 411 S.C. 583, 590, 769 S.E.2d 860, 864 (2015) (finding that when examining the indictments in view of all the surrounding circumstances, the appellant was prejudiced as he was undoubtedly taken by surprise and significantly limited in his ability to combat the charges against him, when two weeks before trial, the State presented the appellant with new indictments charging him with offenses that allegedly occurred over a six-year period, rather than three identifiable summers as alleged in the original

---

[1] Section 16-3-655(A) of the South Carolina Code (Supp. 2012) states, in pertinent part, "A person is guilty of criminal sexual conduct with a minor in the first degree if: (1) the actor engages in sexual battery with a victim who is less than eleven years of age . . . ."

indictments); *id.* at 592 n.5, 769 S.E.2d at 865 n.5 ("We emphasize that our decision does not preclude the State from re-indicting Baker . . . using appropriate time limitations for the charged offenses. Had the indictments alleged that the conduct occurred during the summer months of the years 1998 through 2004, . . . we believe the indictments would have been sufficient."). Additionally, we note that a precise time is not an element of CSC with a minor in the first degree. *See State v. Tumbleston*, 376 S.C. 90, 99, 654 S.E.2d 849, 854 (Ct. App. 2007) ("The specific date and time is not an element of the offense of first degree criminal sexual conduct." (quoting *State v. Thompson*, 305 S.C. 496, 501, 409 S.E.2d 420, 423 (Ct. App. 1991))).

2. The circuit court did not abuse its discretion in qualifying Laurie Caldwell as an expert witness in delayed disclosure. *See Watson v. Ford Motor Co.*, 389 S.C. 434, 447, 699 S.E.2d 169, 176 (2010) ("The qualification of a witness as an expert is within the trial court's discretion, and this Court will not reverse that decision absent an abuse of discretion."). Initially, we find Caldwell had the requisite qualifications to testify as an expert in the field of delayed disclosure. *See State v. Chavis*, 412 S.C. 101, 106–07, 771 S.E.2d 336, 339 (2015) ("First, the qualifications of the expert must be sufficient, and second, there must be a determination that the expert's testimony will be reliable."); *Watson*, 389 S.C. at 446, 699 S.E.2d at 175 ("[Additionally,] the trial court must find that the subject matter is beyond the ordinary knowledge of the jury, thus requiring an expert to explain the matter to the jury."); *State v. White*, 361 S.C. 407, 414–15, 605 S.E.2d 540, 544 (2004) ("Expert testimony on rape trauma may be more crucial in situations where children are victims. The inexperience and impressionability of children often render them unable to effectively articulate the events giving rise to criminal sexual behavior."); *State v. Brown*, 411 S.C. 332, 341–42, 768 S.E.2d 246, 251 (Ct. App. 2015) (finding the specialized knowledge of an independent expert witness in child abuse dynamics and disclosure regarding the behavioral characteristics of child sexual abuse victims was "relevant and crucial in assisting the jury's understanding of why children might delay disclosing sexual abuse, as well as why their recollections may become clearer each time they discuss the instances of abuse"); *State v. Weaverling*, 337 S.C. 460, 474–75, 523 S.E.2d 787, 794 (Ct. App. 1999) ("[B]oth expert testimony and behavioral evidence . . . . assist[] the jury in understanding some of the aspects of the behavior of victims and provide[] insight into the sexually abused child's often strange demeanor." (citations omitted)). Next, we find Caldwell's expert testimony that "[i]t is more common for a six year old, and all other children, to delay in reporting sexual abuse" did not improperly bolster the victim's credibility. *See Brown*, 411 S.C. at 345, 768 S.E.2d at 253 ("Because the [forensic interviewer] never commented on

the credibility of the minor victims, but rather offered admissible expert testimony regarding the general behavioral characteristics of child sex abuse victims, we find such testimony did not improperly bolster the minor victims' testimony. Although [she] testified that between seventy and eighty percent of children delay disclosing abuse, she never commented on the applicability of that statistic to the victims in this case. Instead, [the forensic interviewer] testified in broad terms regarding various reasons sex abuse victims may delay disclosure and how the disclosure process progresses more generally."). Further, we note Caldwell neither interviewed nor examined the victim. *See State v. Anderson*, 413 S.C. 212, 218– 19, 776 S.E.2d 76, 79 (2015) ("The better practice, however, is not to have the individual who examined the alleged victim testify, but rather to call an independent expert. To allow the person who examined the child to testify to the characteristics of victims runs the risk that the expert will vouch for the alleged victim's credibility.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**