HILL, J.:
**221 This case reaches us by a circuitous route. Shawn Alan Mitchell was convicted in 1999 of lewd act upon a child, an offense now codified in section 16-3-655(C) of the South Carolina Code (2015) as criminal sexual conduct (CSC) with a minor in the third degree. See State v. Baker , 411 S.C. 583, 585 n.1, 769 S.E.2d 860, 862 n.1 (2015) (citing to S.C. Code Ann. § 16-15-140 (2003), the code section in effect at the *23 time of Mitchell's offense). He was sentenced to five years in prison and ordered to register as a sex offender upon release. In 2001, Mitchell was convicted of failure to register and sentenced to ninety days' imprisonment. In 2005, South Carolina enacted Jesse's Law, which provides criteria for when a person on the sex offender registry can be placed under electronic monitoring. S.C. Code Ann. § 23-3-540 (Supp. 2018). The portion of Jesse's Law applicable to Mitchell is section 23-3-540(E), which states electronic monitoring "must be ordered by the court" if a defendant with a prior CSC first degree or third degree conviction is later convicted of failure to register. On May 17, 2012, Mitchell was convicted of failure to register, second offense, and sentenced to one year in prison. No part of the sentence was suspended nor did it include any period of probation. On the same day, he pled guilty to grand larceny and received a sentence suspended upon two years' probation for that offense. In August 2014, his probation was extended two years.
On November 17, 2014, Mitchell appeared pro se before the trial court for a hearing on his alleged violation of his grand larceny probation. At the hearing, the Department of Probation, Parole, and Pardon Services (DPPPS), through counsel, alerted the court that Mitchell's 2012 failure to register conviction triggered Jesse's Law and required him to be subject to **222 lifetime electronic monitoring, which due to oversight had not been ordered by the sentencing court in 2012. Recognizing the gravity of the issue, the circuit court ordered from the bench that the hearing be continued so Mitchell could obtain counsel. However, the next day the circuit court, no doubt working its way through a stack of dozens of proposed orders submitted by DPPPS arising from the previous day's hearings, signed an order placing Mitchell on electronic monitoring.
It appears Mitchell soon absconded. From the record we have been provided it is impossible to determine when Mitchell was served with or received the November 18, 2014 order, but in May 2015, his counsel moved to quash the November 18, 2014 order, noting it must have been signed inadvertently given the trial court's earlier ruling from the bench continuing the case. Mitchell further claimed the trial court lacked jurisdiction to alter his 2012 sentence to add electronic monitoring, and the monitoring violated his due process rights. The circuit court denied the motion, and Mitchell now appeals.
I.
Some of the questions raised by this appeal were answered in State v. Ross , 423 S.C. 504, 815 S.E.2d 754 (2018). Mr. Ross was imprisoned for lewd act in 1979 and received a six year sentence suspended on probation. In 2011, Ross was convicted in magistrate court of failing to register. Consequently, he was subject to lifetime electronic monitoring pursuant to section 23-3-540(E). When DPPPS sought an order from the circuit court to place Ross on monitoring, Ross claimed the monitoring amounted to a search that violated his Fourth Amendment rights. Id . at 506-08, 815 S.E.2d at 755. The trial court rejected Ross' argument, but our supreme court, relying on Grady v. North Carolina , --- U.S. ----, 135 S. Ct. 1368, 191 L.Ed.2d 459 (2015), held the Fourth Amendment requires that before monitoring under section 23-3-540(E) may be imposed, there must be "an individualized inquiry into the reasonableness of the search in every case." Ross , 423 S.C. at 508, 513-15, 815 S.E.2d at 755, 758-59.
The resourceful trial court of course did not have the benefit of Ross , but we must nevertheless reverse the electronic monitoring order and remand so the Fourth Amendment inquiry can occur. What remains, though, is the issue of the fundamental legitimacy of the circuit court's ability to order **223 electronic monitoring pursuant to section 23-3-540(E) on a defendant for the failure to register offense when the defendant has served his sentence and is not on probation or parole related to that offense. Mr. Ross was not on probation and therefore was "no longer under the jurisdiction of the sentencing court when he was ordered to be placed on electronic monitoring[,]" id . at 511, 815 S.E.2d at 757, but the circuit court's jurisdiction and authority over the defendant were not questioned in that appeal. And perhaps relevant to these issues is our supreme *24 court's conclusion that the electronic monitoring mandated by section 23-3-540 is a civil mechanism, not a criminal punishment, see In re Justin B. , 405 S.C. 391, 409, 747 S.E.2d 774, 783 (2013), as well as the observation in Ross that section 23-3-540(E)'s electronic monitoring requirement is "automatic and mandatory," Ross , 423 S.C. at 509, 815 S.E.2d at 756. Because of the sparse record at hand, the parties may raise any objections or arguments related to these fundamental issues at the remand hearing. This will ensure the issues can be addressed head on, and not nipped at on the heels as they have been so far. We express no opinion on whether the circuit court's inherent power or other authority empowers it to exercise jurisdiction over the defendant and order monitoring under these circumstances.
REVERSED AND REMANDED.
WILLIAMS and GEATHERS, JJ., concur.