**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Brown, Appellant.

Appellate Case No. 2024-000425

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-313
Heard May 6, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Brian Hollis Gibbs, both of Columbia; and Solicitor Cindy S. Crick, of Greenville, all for Respondent.

———————

**PER CURIAM:** James Brown appeals his convictions for five counts of first-degree criminal sexual conduct (CSC) with a minor, four counts of

third-degree CSC with a minor, and one count of disseminating obscene material to a minor.  On appeal, Brown argues the trial court erred in (1) failing to conduct an *in camera* review of mental health records, (2) improperly limiting his closing argument, and (3) failing to quash indictments.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The trial court did not err in declining to review Victim's mental health records because Brown did not present sufficient evidence to establish a reasonable belief that the records contained exculpatory evidence.  *State v. Blackwell*, 420 S.C. 127, 155, 801 S.E.2d 713, 728 (2017) (holding the relevance, materiality, and admissibility of a witness's mental health records are within the sound discretion of the trial court); *id.* at 154, 801 S.E.2d at 727 (holding "*prior to **any** disclosure of privileged mental health records*, [trial courts] should conduct a hearing with the parties in which the [court] inquires whether the witness consents to the disclosure of the privileged records"); *id.* at 154 n.21, 801 S.E.2d at 727 n.21 ("This hearing should be conducted *only after* the party requesting the records has met the minimal threshold requirement of presenting evidence sufficient to establish a reasonable belief that the records contain exculpatory evidence, including, but not limited to, evidence relevant to the witness's credibility.").  Brown argues Victim gave four inconsistent statements to individuals throughout the case and her statement to the therapist was a fifth version of events; therefore, it is likely there is exculpatory material in those records.  However, Brown provided no evidence to support this argument.  Brown was merely speculating that, because Victim had mental health counseling as a result of the alleged abuse, there must be exculpatory evidence in the records.  *Blackwell* explained that the mere fact an individual has been to mental health counseling does not make them less credible.  *Id*. at 155, 801 S.E.2d at 728.  Furthermore, Brown had the opportunity to cross-examine Victim regarding the other "inconsistent" statements, allowing him to make his argument that she was not credible.  Finally, Brown acknowledged Victim gave statements that were "similar versions of events, but [] different."  Brown argued the difference in the statements Victim gave were "addition[s] or omission[s], mak[ing] each of those statements . . . impeachable."  Because she gave similar versions of the events and the overall substance was the same, there is no reason to suspect that Victim gave conflicting information to the therapist.  *Id.* at 155, 801 S.E.2d at 727-28 ("In making this determination, the [court] should assess the importance of the witness to the prosecution's case and whether the records contain exculpatory evidence, including, *but not limited to*, evidence relevant to the witness's credibility.").  Brown did not provide any other evidence to support his argument that the trial court should review the records.  Therefore, the trial court properly declined to review the records.

2. The trial court did not err in limiting Brown's closing argument. *State v. Northcutt*, 372 S.C. 207, 222, 641 S.E.2d 873, 881 (2007) (stating a trial court is "vested with broad discretion in dealing with the range and propriety of closing arguments, and ordinarily [its] rulings on such matters will not be disturbed"); *State v. Copeland*, 321 S.C. 318, 324, 468 S.E.2d 620, 624 (1996) ("The trial court's discretion will not be overturned absent a showing of an abuse of discretion amounting to an error of law that prejudices the defendant."). Brown essentially argues that he should be able to insinuate that Victim and her boyfriend were engaged in a sexual relationship which gave her a reason to fabricate the abuse allegations. He bases this argument on the fact that Victim was required to maintain her virginity to have her quinceañera and her boyfriend lived in her home for three months when she was twelve. The court ruled that Brown could not make that argument because the "evidence ha[d] not been introduced." Brown did not have specific knowledge of a sexual relationship between Victim and her boyfriend, and no evidence was presented establishing that Victim had sexual relations with anyone except for Brown. *State v. Durden*, 264 S.C. 86, 92, 212 S.E.2d 587, 590 (1975) (stating that closing arguments must remain within the evidence presented at trial). Furthermore, there was no evidence that Victim fabricated her story or had reason to do so. Thus, the court properly refused to allow Brown to insinuate during closing argument that Victim was having sexual relations with her boyfriend.

3. The trial court did not err in denying Brown's motion to quash the indictments. *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) (stating appellate courts are "bound by the trial court's factual findings unless they are clearly erroneous"). Brown does not allege that the indictments fail to correctly state the elements of the offenses, only that the time frames are overbroad. The trial court properly found the indictments put Brown on notice of the allegations against him and apprised him of the elements of the offenses charged. *See State v. Gentry*, 363 S.C. 93, 102-03, 610 S.E.2d 494, 500 (2005) (explaining one factor the court must look at in determining the sufficiency of an indictment is "whether it apprises the defendant of the elements of the offense that is intended to be charged"). The indictments were presented to Brown in an appropriate time frame. Brown was initially indicted in 2022 for one count of disseminating obscene material to a minor and two counts of first-degree CSC with a minor, involving oral sex with a minor under the age of eleven. Brown was then served with an additional ten indictments three months prior to trial which covered a five-year period.[1] The new indictments separated each count to account for Victim's age and resulted in five

---

[1] The original indictments were *nolle prossed*.

counts of first-degree CSC with a minor, four counts of third-degree CSC with a minor, and one count of disseminating obscene material to a minor. Brown relies on *State v. Baker*, which held that a six-year time frame was too expansive to defend against and that service of indictments two weeks prior to trial was insufficient notice. 411 S.C. 583, 591-92, 769 S.E.2d 860, 864-65 (2015). We find three months was sufficient time to prepare a defense to the charges and did not result in surprise to Brown, unlike the two-week notice in *Baker*. 411 S.C. at 592, 769 S.E.2d at 865 (holding "Baker was prejudiced by the defects in the indictments" where the indictments spanning a six-year time period gave an "expansive time frame and lack of specificity as to this time frame" and hindered his ability to defend himself). As to the time frames in the indictments at issue here, they were, for the most part, divided into two- and three-year periods. *See State v. Tumbleston*, 376 S.C. 90, 102, 654 S.E.2d 849, 855 (Ct. App. 2007) (concluding the indictments were sufficient because "they contain[ed] the necessary elements of the offenses charged and sufficiently apprise[d] Tumbleston that he must be prepared to address his conduct toward [the victim] between 2001 and June 2004"). Although the State claims the indictments were broken up to comply with the statutory age requirements, the State acknowledged that it also broke them up to avoid the argument that the time frames were overbroad. However, in a case such as this one where a victim alleges continual abuse over multiple years, rather than specific instances of abuse, there is no other practical way to draft the indictments. *See id.* at 101-02, 654 S.E.2d at 855 (stating "indictments for a sex crime that allege offenses occurred during a specified time period are sufficient when the circumstances of the case warrant considering an extended time frame"). In looking at the indictments with a "practical eye in view of all the surrounding circumstances," Brown has not shown he was prejudiced by the indictments. *See Gentry*, 363 S.C. at 103, 610 S.E.2d at 500 ("In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances.").

**AFFIRMED.**

**MCDONALD, HEWITT, and TURNER, JJ., concur.**